Slip Op. 11-50

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CBB GROUP, INC.**, <br><br>       Plaintiff, <br><br>       v. <br><br>**UNITED STATES**, <br><br>       Defendant. | Before: Timothy C. Stanceu, Judge <br><br> Court Number: 10-00383 |

**OPINION AND ORDER**

[Denying defendant's motion for a stay and protective order in response to plaintiff's discovery requests]

Dated: April 28, 2011

*Stein Shostak Shostak Pollack & O'Hara* (*Elon A. Pollack, Juli C. Schwartz*) for plaintiff.

*Tony West*, Assistant Attorney General, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Karen V. Goff*), *Beth C. Brotman*, U.S. Customs and Border Protection, of counsel, for defendant.

       Stanceu, Judge: This action arises from the importation by plaintiff CBB Group, Inc. ("CBB"), an importer of toys and other consumer goods, of "785 cartons of plush toys" that were the subject of Entry No. 735-0096303-5, which plaintiff filed in September 2010 at the port of Newark, New Jersey.  Summons; Compl. ¶¶ 2, 13.  United States Customs and Border Protection ("Customs") refused to release 574 of the 785 cartons and appears to have determined that the merchandise it did not release are "piratical" copies that infringe a registered copyright.  Plaintiff

filed a protest challenging the alleged exclusion of the goods from entry and contests before the court what it characterizes as a deemed denial of that protest. Compl. ¶¶ 26.

Before the court is Defendant's Motion to Stay Discovery & for a Protective Order ("Mot. to Stay Discovery"), filed on March 31, 2011, which defendant filed after plaintiff submitted twenty-four interrogatories and thirteen document requests. Defendant requests that the court allow it to delay its response to the discovery requests until twenty days following the date on which the court rules on a motion for judgment on the pleadings that defendant filed on March 17, 2011. Mot. to Stay Discovery, proposed order. Because defendant has made no showing justifying a stay of discovery in these expedited proceedings, the court denies the instant motion.

## I. BACKGROUND

The importation giving rise to this action occurred on or around September 7, 2010. Compl. ¶ 13. Customs released to CBB 211 cartons of the merchandise; the 574 cartons remaining in the custody of Customs were the subject of the protest and therefore are at issue in this proceeding. Pl.'s Opp'n to Def.'s Mot. to Stay Discovery & for a Protective Order, Declaration of Raymond Hung ("Pl.'s Opp'n to Mot. for Stay"). CBB filed its protest on November 19, 2010, Compl. ¶ 2, and commenced this action on December 21, 2010, *id.* ¶ 20; Summons. Upon plaintiff's motion to expedite these proceedings, the Court of International Trade granted precedence to this action. Order (Jan. 11, 2011) (Eaton, J.), ECF No. 11; USCIT Rule 3(g) (allowing an action to "be given precedence . . . over other actions pending before the court, and expedited in every way . . .").

Court No. 10-00383                                                                                                    Page 3

     Customs issued to CBB a notice ("Seizure Notice") dated January 11, 2011, stating that Customs "had seized the merchandise described below at Newark, NJ on December 21, 2010," the date on which the summons was filed. Mem. in Support of Def.'s Mot. for J. on the Pleadings, exhibit 1 ("Def.'s 12(c) Mem."). This notice described the merchandise by quantity of pieces and domestic value but did not indicate how many cartons of each product were seized and failed to identify the entry number of the merchandise.[1] *Id.* Several weeks later and following a telephone conference with the court, the parties agreed to an expedited scheduling order requiring, *inter alia*, that discovery be concluded by April 29, 2011. Scheduling Order (Feb. 23, 2011), ECF No. 15.[2]

     On March 17, 2011, defendant moved pursuant to USCIT Rule 12(c) for judgment on the pleadings. Def.'s Mot. for J. on the Pleadings; Def.'s Rule 12(c) Mem. Briefing on this motion is not yet complete. Defendant filed the instant motion to stay discovery on March 31, 2011, in response to the discovery requests plaintiff served on defendant on March 25, 2011. Mot. to Stay Discovery 1. Following completion of briefing on defendant's motion to stay discovery, the court held telephone conferences with the parties on April 26 and 27, 2011, during which

---

    [1] This notice ("Seizure Notice") described the merchandise as 1,080 each Piratical Frog Pillow domestically valued at $15,140.17, 960 each Piratical Bumble Bee Pillow domestically valued at $14,053.11, 408 each Piratical Dolphin Pillow domestically valued at $5,972.57, 4,200 each Piratical Unicorn Pillow domestically valued at $61,482.37 and 240 each Piratical Dog Pillow domestically valued at $3,513.28.
Mem. in Support of Def.'s Mot. for J. on the Pleadings, exhibit 1.

    [2] The parties have informed the court that they will submit a joint motion to amend the scheduling order to extend the period for discovery.

Court No. 10-00383                                                                                           Page 4

conferences defendant informed the court that the United States had not instituted judicial proceedings for the forfeiture of the merchandise.

## II. DISCUSSION

Defendant argues in support of its motion to stay discovery that "[d]iscovery in this matter is unnecessary at this stage and could be obviated by the Court's disposition of our motion for judgment on the pleadings." Mot. to Stay Discovery 1. Defendant seeks "an order staying further discovery at this time and ordering defendant to respond to plaintiff's discovery requests within twenty (20) days of the Court's ruling on the motion for judgment on the pleadings. . ." *Id.* In its motion for judgment on the pleadings, defendant argues that the complaint should be dismissed because the court could grant no relief in this case due to the court's lack of jurisdiction over forfeiture cases, Customs having seized and subjected to forfeiture the merchandise at issue for copyright infringement. Def.'s Rule 12(c) Mem. 4-9.

As defendant acknowledges, the question as to whether to stay discovery pending determination of a dispositive motion is committed to the court's sound discretion. Mot. to Stay Discovery 2-3. The stay in discovery defendant seeks necessarily would interrupt the progress of adjudicating this case, which under the Court's rules is to be "expedited in every way." USCIT R. 3(g). The merchandise at issue was imported nearly eight months ago, and the additional delay that would be caused by a granting defendant's motion is not justified by any circumstance to which defendant directs the court's attention. Although citing USCIT Rule 26(c), Mot. to Stay Discovery 1-2, defendant makes no showing that the discovery sought to be stayed will cause it undue burden or expense. With respect to defendant's argument grounded in matters pertaining to seizure and forfeiture, on which defendant's Rule 12(c) motion

Court No. 10-00383                                                                                                   Page 5

is also grounded, the Seizure Notice Customs issued on January 11, 2011–four months after the importation in question–does not constitute a basis on which the court may conclude that further delay in these proceedings is warranted.[3]  Moreover, the court declines to decide the instant motion based on a resolution or probable resolution of issues raised by defendant's Rule 12(c) motion, which is not yet under submission.

### III. CONCLUSION AND ORDER

Upon consideration of the Defendant's Motion to Stay Discovery and for a Protective Order, the opposition thereto, and all proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that Defendant's Motion to Stay Discovery and for a Protective Order, as filed on March 31, 2011, be, and hereby is, DENIED.

       /s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: April 28, 2011
      New York, New York

---

[3] The Seizure Notice, by failing to identify the entry number for the seized goods, appears to be in violation of the Customs Regulations.  *See* 19 C.F.R. § 162.31(b)(3)(ii) (2010).  The court need not, and does not, decide the question of the validity of the Seizure Notice in ruling on defendant's motion to stay discovery.